UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

REGINALD L. MCCOY,

v.  Case No. 8:90-cr-132-T-17EAJ
 8:12-cv-248-T-17EAJ

UNITED STATES OF AMERICA.

O R D E R

This cause is before the Court on Defendant McCoy's successive 28 U.S.C. § 2255 motion to vacate, set aside, or correct an illegal sentence. (Doc. cv-1; cr-1054).

Pursuant to 28 U.S.C. §§ 2255 and 2244(b)(3)(A), as amended by the Antiterrorism and Effective Death Penalty Act of 1996, federal prisoners who want to file a second or successive motion to vacate, set aside, or correct a sentence must move the court of appeals for an order authorizing the district court to consider the second or successive motion. See 28 U.S.C. § 2244(b)(3)(A). A three-judge panel of the court of appeals, § 2244(b)(3)(B), may authorize the filing of a second or successive motion only if it determines that the motion contains claims which rely on either: (1) newly discovered evidence that, if proven and viewed in the light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable. 28 U.S.C. § 2255. See In re Blackshire, 98 F.3d 1293 (11th Cir. 1996).

Defendant McCoy has not fulfilled the requirements of the statutes as set out above.

Accordingly, Defendant's successive 28 U.S.C. § 2255 motion to vacate (Doc. cv-1; cr-1048) is denied. The Clerk is directed to enter judgment against Defendant in the civil case and to close that case.

## CERTIFICATE OF APPEALABILITY AND
## LEAVE TO APPEAL IN FORMA PAUPERIS DENIED

The Court declines to issue a certificate of appealability because Defendant has failed to make a substantial showing of the denial of a constitutional right as required by 28 U.S.C. § 2253(c)(2). Nor will the Court authorize the Defendant to proceed on appeal in forma pauperis because such an appeal would not be taken in good faith. See 28 U.S.C. § 1915(a)(3). Defendant shall be required to pay the full amount of the appellate filing fee pursuant to § 1915(b)(1) and (2).

ORDERED at Tampa, Florida, on February 9, 2012.

ELIZABETH A. KOVACHEVICH
UNITED STATES DISTRICT JUDGE

USA: James C. Preston, Jr.
Pro Se Litigant: Reggie McCoy